Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steve Anton Deeb ) | Civil No. |
| Plaintiff, ) | PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS |
| -vs- ) | |
| Michael Chertoff, Secretary ) | |
| Emilio T. Gonzalez, Director, USCIS ) | "Immigration Case" |
| Rosemary Melville, District Director ) | CIS NO.     A098-256-935 |
| Department of Homeland Security; ) | |
| Robert S. Mueller, Director ) | |
| Federal Bureau of Investigations ) | |
| Defendants. ) | |

COMES NOW Steve Deeb, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.  This action is brought against the Defendants to compel action on Form I-485, Application to Register Permanent Resident or Adjust Status properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                                    1

## PARTIES

2. Plaintiff Steve Deeb is a 29-year-old citizen of Jordan. He married his wife, Maribelle Yvette Cervantes, a U.S. citizen, on August 24, 2004. He filed for his lawful permanent residency on September 20, 2004.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of Citizenship and Immigration Services (CIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

7. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the

COMPLAINT                                              2

Administrative Procedures Act of 5 USC § 555(b), 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in San Mateo County, assignment shall be to the San Francisco Division.

## VENUE

9. Venue is proper in this court, pursuant to 28 USC §1391(e)(3), in that this is an action against officers and agencies of the United States in his official capacities, brought in the District where the Plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 848 Antoinette Lane #C, South San Francisco, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

10. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

11. All legal prerequisites having been satisfied, Plaintiff applied for adjustment of status to lawful permanent resident with the US Citizenship and Immigration Service (USCIS) in San Francisco on September 20, 2004.

12. On October 28, 2004, the San Francisco USCIS sent Plaintiff Deeb a Request for Evidence requesting documents to be brought to the adjustment of status interview.

13. On December 8, 2004, the Plaintiff went to the Application Support Center in San Francisco to have his fingerprints taken.

14. On February 15, 2005, Plaintiff Deeb and his wife attended an interview at the USCIS in San Francisco. No decision regarding Plaintiff's Deeb application was made at this interview, instead, the

COMPLAINT         3

officer gave Plaintiff Deeb a letter stating that his case was continued because of security clearances and the need for further documentation. This letter requested the following documents: copy of Plaintiff's Department of Motor Vehicles record, copy of Plaintiff's wife's Department of Motor Vehicles record, and medical certification regarding the pregnancy of Plaintiff's wife. Plaintiff Deeb and his wife sent in the requested documents to the USCIS ten days later.

15. On May 18, 2005, Plaintiff sent a written inquiry about his case to the USCIS in San Francisco.

16. On July 12, 2005, the Plaintiff sent another written inquiry to the USCIS in San Francisco.

17. On July 28, 2005, the USCIS responded to Plaintiff's May 18th inquiry and stated that the Plaintiff's case was still pending a security clearance.

18. On August 9, 2005, the USCIS responded to Plaintiff's July 12th inquiry and again stated that The Plaintiff's case was still pending a security clearance.

19. On or about December 12, 2005, the Plaintiff received a biometrics appointment for December 27, 2005 at 12:00pm in San Francisco. The Plaintiff attended this appointment.

20. On October 17, 2006, the Plaintiff made an INFOPASS appointment and went to the USCIS in San Francisco to inquire about his case in person. The Plaintiff was given a pre-written letter from the USCIS stating that "[a] final decision cannot be made on any application until national security checks are complete and the local US CIS receives a response."

21. On or about November 30, 2006, the Plaintiff again received another biometrics appointment notice scheduled for December 14, 2006 at 8:00 am in San Francisco.

22. On January 24, 2007, the Plaintiff contacted United States Senator Barbara Boxer. In his letter to the Senator, he explained the lengthy delay regarding his case, and asked for the Senator's assistance in resolving his case.

23. On January 25, 2007, the Plaintiff inquired with Congressman Tom Lantos' office regarding the status of his application for adjustment of status.

COMPLAINT                                                                 4

24. On January 29, 2007, Congressman Lantos responded to the Plaintiff and requested further information from the Plaintiff so that his office could contact the FBI on his behalf regarding the Plaintiff's name check. The Congressman informed the Plaintiff that it could take 6 months for the FBI to respond to the congressman's inquiry.

25. On or about February 2, 2007, the Plaintiff contacted US Senator Dianne Feinstein requesting her assistance on his immigration case.

26. On March 9, 2007, US Senator Dianne Feinstein responded to Plaintiff's request and stated that her office had reviewed his letter, and requested further information from him so the Senator could contact the FBI on his behalf. On March 12, 2007, the Plaintiff sent a letter to Senator Feinstein with the requested information.

27. On May 4, 2007, the Plaintiff sent a follow-up letter to Senator Feinstein's office regarding an update on his case.

28. On May 23, 2007, the Plaintiff scheduled an INFOPASS appointment at the USCIS in San Francisco. At this appointment, the Plaintiff received an USCIS Update News Release stating that the USCIS no longer requested the FBI to expedite name checks for mandamus cases.

29. On or about May 24, 2007, the Plaintiff sent another inquiry to the USCIS. On May 30, 2007, the Plaintiff received a response from the USCIS and was again told that his case was pending because of security checks, and that the USCIS would be unable to proceed with adjudication until the security checks were complete.

30. On June 1, 2007, the Plaintiff made an inquiry with the FBI regarding his background check.

31. Plaintiff's application for adjustment of status has now remained unadjudicated for about two years and nine months from the date of initial filing.

32. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said application has not been adjudicated.

COMPLAINT                                              5

33. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application, thereby depriving the Plaintiff the right to a decision on his status and the peace of mind to which Plaintiff is entitled.

34. The USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiffs, to complete and verify security checks with regard to Plaintiff Deeb. Defendant Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

35. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action of Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

36. The Plaintiff has been damaged by the failure of Defendants to act in accordance with their duties under the law.

   (a) The Plaintiff has been further damaged in that his employment authorization is tied to his status as an applicant for permanent residency, and is limited to increments not to exceed one year. 8 CFR §274a.12(c)(9). Therefore, the Plaintiff has been forced to apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of the Plaintiff to continually insure his work eligibility.

   (b) So long as the Plaintiff's applications for adjustment of status is pending, his travel is restricted by federal regulation which requires special permission to travel abroad ("advanced parole") during the pendency of such applications. 8 CFR §245.2(a)(4). Departure without the advanced parole would be deemed an abandonment of the permanent resident application. *Id*. The Plaintiff has therefore been forced to repeatedly apply (and pay) for this special travel permission, and is unable to travel while said advanced parole applications has been pending. This situation operates to the great

COMPLAINT 6

inconvenience and harassment of the Plaintiff.

(c) The Plaintiff has further been damaged by simply being deprived of the status of lawful permanent residents during the interminable pendency of his application. The Plaintiff and his US citizen wife have also been unable to plan or pursue a future course of action in the United States due to the pendency of his application. In fact, the Plaintiff and his wife wish to move to New York City so that his wife could attend school there, however, since the Plaintiff's case is under the jurisdiction of the USCIS in San Francisco, they are unable to move until the case is resolved. Transferring the case to the USCIS in New York will only further delay adjudication of the Plaintiff's case.

(d) The Plaintiff has also experienced tension in his life due to the uncertainty and anxiety stemming from the pendency of his application.

37. The Plaintiff has made numerous status inquires in an attempt to secure adjudication of his application, all to no avail. Accordingly, the Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

## PRAYER

38. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants Chertoff, Gonzalez, and Melville to adjudicate Plaintiff's application for adjustment of status;

(b) requiring Defendant Mueller to complete its investigation and issue the results of the security check, or show the Court reasonable cause why the security check cannot be issued;

(c) awarding Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and granting such further relief at law and in equity as justice may require.

Dated: _____

                                                    /s/
                                        Christina H. Lee
                                        Attorney for Plaintiff

COMPLAINT                                                 8